UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | NO. 3:23-cr-00091 |
| JEFFREY SCOTT CHRISTIAN, | ) |  |
| Defendant. | ) |  |

# ORDER

Jeffrey Scott Christian pled guilty to one count of distribution of visual depictions of minors engaged in sexually explicit conduct and one count of receipt of visual depictions of minors engaged in sexually explicit content in violation of 18 U.S.C.§ 2252A(a)(2). He was sentenced to 180 months imprisonment and ten years of supervised release on January 8, 2025. At the request of the parties, a restitution hearing was held on March 24, 2025.

Prior to the restitution hearing the Government filed an Amended Position of the United States Regarding Restitution (Doc. No. 56) seeking restitution to seven victims; each of which filed supporting materials justifying their restitution requests. (Doc. Nos. 58, 59, 60, 61, 62, and 65).

Restitution to victims of child pornography is mandatory and cannot be less than $3,000.00. The Court is required to make two factual determinations. First, the Court must determine the victim's total loss due to the distribution of that victim's depictions. 18 U.S.C. § 2259(b)(2)(A). Second, the Court must determine the amount that reflects the Defendant's "relative role in the causal process that underlies the victim's loss. . . ." 18 U.S.C. § 2259(b)(2)(B). After the Court

1

determines the victim's total loss, then the Court should apply the factors identified by the Supreme Court in Paroline v. United States, 572 U.S. 434 (2014) to determine the precise amount of the victim's total loss caused by the defendant. United States v. Mobasseri, 764 F. App'x 549, 550 (6th Cir. 2019) ("Under 18 U.S.C. § 2259, district courts must consider a number of factors before ordering restitution – including the Defendant's "relative role" in causing the victim's losses."). Those "non-exclusive, non-mandatory factors," United States v. Schlipf, 2023 WL 5938087, at *1 (W.D. Ky. Sept. 12, 2023) are:

- Did Christian reproduce or distribute images?
- How many other criminal defendants contributed to the victim's total loss?
- How many future offenders will contribute to the victim's total loss?
- Did Christian have any connections to the initial production of images?
- How many images of the victim did Christian possess? Paroline, 572 U.S. at 460.

From the agreed factual basis supporting Defendant's plea, Defendant's general conduct can be identified but little regarding these seven victims. The parties agree on the number of images in Defendant's possession for each victim. However, the Court has no other information to apply the other Paroline factors. This is because Christian was the subject of a law enforcement undercover operation. After the undercover officer entered a private chat group, Christian claimed to be sexually active with his daughter and that he had a few "naughty images" of his daughter. This led to him sending the undercover officer images of nude prepubescent minor females. Eventually, his iPhone was seized and other illegal images were found. Christian does not have any children.

The record before this Court is too thin for the Court to determine by a preponderance of

2

the evidence Christian's contribution to the harm to these seven victims. Other than the number of victim images in his possession, there is a long list of relevant questions that this Court cannot answer, such as:

- How did Christian obtain these images?
- Did Christian upload any to the internet?
- How many people also possessed these images?
- How many people shared or distributed these images? and
- Did Christian have any role in the initial production of these images

In short, while Christian's possession of these images supported his personal motives, he appears to be one of hundreds, if not thousands, of offenders attracted to such illegal and prurient images. As such, Christian's relative contribution to the seven victims individual total loss falls under the mandatory minimum restitution amount of $3,000.00. Paroline, 572 U.S. at 462, notwithstanding that his conduct was serious.

Accordingly, the Court restitution award is as follows:

| **VICTIM** | **TOTAL LOSS** | **VICTIM REQUEST** | **LOSS CAUSED BY CHRISTIAN** | **IMAGES ON CHRISTIANS CELL PHONE** |
|---|---|---|---|---|
| ANGELA (Angela series) | $1,616,920 | $5,000 | $3,000 | 2 images |
| APRIL (aprilblonde) | $226,375 | $20,000 | $3,000 | 14 images |
| JANE (Cinder Block Blue) | $7,749,603 | $10,000 | $3,000 | 9 images |
| JENNY (Jenny series) | $6,778,912 | $20,000 | $3,000 | 6 images |
| PIA (Sweet White Sugar) | $1,712,140 | $5,000 | $3,000 | 2 images |

| | | | | |
|---|---:|---:|---:|---|
| SLOANE (Tara series) | $7,786,739 | $10,000 | $3,000 | 2 images |
| VICKY (Vicky series) | $6,008,536 | $10,000 | $3,000 | 2 images |

Christian shall pay each victim $3,000.00 for a total of $21,000.00 in restitution. The United States may enforce restitution at any time. The Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

1. While incarcerated, the Defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of a least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay.

2. Interest shall not accrue and is waived under 18 U.S.C. § 3612(f)(3)(A) because the Defendant lacks the ability to pay interest.

3. No delinquent or default penalties will be imposed unless by a further court order.

4. The amount of restitution paid to any victim shall not exceed the victim's total loss from the offense of conviction. See 18 U.S.C. § 2259(b)(2)(C). Each victim must inform the Court when she has received the full amount of her losses.

5. All payments shall be made to the United States District Court Clerk, 719 Church Street, Nashville, TN 37203.

6. As long as the Defendant owes restitution, he shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office, Middle District of Tennessee , 719 Church Street, Nashville, TN 37203 of: (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution.

7. This Restitution Order is incorporated into the Judgment and Conviction as if set out verbatim therein. 18 U.S.C. § 3664.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE

5